**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-06666 MMM (AGRx) | Date | October 17, 2008 |
|---|---|---|---|

| Title | *Jaax v. United States* |
|---|---|

| Present: The Honorable | MARGARET M. MORROW |
|---|---|

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   **Order Denying Application for Temporary Restraining Order and Order To Show Cause**

On October 10, 2008, plaintiff Philip N. Jaax filed an *ex parte* application for a temporary restraining order without notice. Jaax seeks an "[e]mergency court order . . . to suspend trading on all US markets by the end of market close on 10/9/08 . . . so normal trading in all US markets do[es] not start back up for an indefinite period starting on 10/10/2008 to save General Motors and the victims as well as the economic ripple effect that would be created [ – ] potentially [a] depression [in] the US and worldwide economy [which will be] irrevers[i]bl[e]."

### A.   Factual and Procedural Background

On October 10, 2008, Magistrate Judge Partick J. Walsh granted Jaax' motion for leave to file this action *in forma pauperis*, and ordered Jaax's complaint filed. The complaint does not state a specific cause of action against the United States; like Jaax's request for a temporary restraining order, it simply asserts that the court should indefinitely suspend all trading in the United States markets. Jaax alleges that he and others will suffer economic harm if the court does not suspend trading. He states that his claim arises under 31 U.S.C. § 5302. Jaax has neither served nor provided notice to the United States or any other party.

**B.    Discussion**

The standard for issuing a temporary restraining order is the same as that for issuing a preliminary injunction.  *Brown Jordan International, Inc. v. Mind's Eye Interiors, Inc.*, 236 F.Supp.2d 1152, 1154 (D. Haw. 2002); *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F.Supp. 1320, 1323 (N.D. Cal. 1995).  The Ninth Circuit has articulated alternative formulae for evaluating when preliminary injunctive relief is appropriate.  See *Save Our Sonoran, Inc. v. Flowers*, 408 F.3d 1113, 1120 (9th Cir. 2005).

> "Under the 'traditional' criteria, a plaintiff must show '(1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the [moving party], and (4) advancement of the public interest (in certain cases).' Alternatively, a court may grant the injunction if the [moving party] 'demonstrates *either* a combination of probable success on the merits and the possibility of irreparable injury *or* that serious questions are raised and the balance of hardships tips sharply in his favor.'"  *Id.* (quoting *Johnson v. Cal. State Bd. of Accountancy*, 72 F.3d 1427, 1430 (9th Cir. 1995)).

"'These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases.  They are not separate tests but rather outer reaches of a single continuum.'"  *Id.* (quoting *Baby Tam & Co. v. City of Las Vegas*, 154 F.3d 1097, 1100 (9th Cir.1998)); see also *Southeast Alaska Conservation Council v. U.S. Army  Corps of Engineers*, 472 F.3d 1097, 1100 (9th Cir. 2006).

A temporary restraining order may be issued without notice to the adverse party only if:

> "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." FED.R.CIV.PROC. 65(b)(1).

Injunctive relief without notice is rarely granted.  See *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 438-39 (1974) ("The stringent restrictions imposed . . . by Rule 65, on the availability of *ex parte* temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute").  Applying this test, the Ninth Circuit has held that *ex parte* injunctive relief can be granted only in two situations.  First, "an ex parte TRO may be appropriate 'where notice to the adverse party is impossible either because the identity of the adverse party is unknown or because a known party cannot be located in time for a hearing.'"  *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (quoting *Am. Can Co. v. Mansukhani*, 742 F.2d 314, 322 (7th

Cir. 1984)). Second, "courts have recognized 'a very narrow band of cases in which ex parte orders are proper because notice to the defendant would render fruitless the further prosecution of the action.'" *Id.*

Applying these standards, the court denies Jaax's *ex parte* motion for a TRO for multiple reasons. First, Jaax has not shown a probability of success on the merits because his complaint, as presently formulated, fails to state a claim on which relief may be granted. Many people have experienced economic losses as a result of the current economic situation. The fact that Jaax may be among them does not give him a valid claim for relief against the United States. Jaax contends his action arises under 31 U.S.C. § 5302. This statute does not appear to provide an individual right to relief against the United States, nor is it immediately apparent how it is relevant to or supports the remedy Jaax seeks. Jaax cites no other provision of the Constitution or federal law that provides a right to the relief sought by Jaax.

Second, Jaax cannot show a probability of success on the merits because he has not established that his claim is one for which the United States has waived sovereign immunity. It has long been established that "the United States cannot be lawfully sued without its consent in any case." *United States v. Lee*, 106 U.S. 196, 205 (1882). Congress may consent to suits against the United States but the waiver of sovereign immunity must be explicit. See, e.g., *Lane v. Pena*, 518 U.S. 187, 192 (1996) ("A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text"). There is no indication that the United States has agreed to be sued on the type of claim that Jaax seeks to bring.

Finally, Jaax has not provided notice to the United States, the defendant he has named in this case, that he seeks immediate injunctive relief. He proffers no justification as to why he should be excused from the ordinary notice provisions that apply to requests for injunctive relief. See FED. R. CIV. P. 65(b) (requiring written statement of "any efforts made to give notice [to the adverse party] and the reasons why [notice] should not be required" in any motion seeking a temporary restraining order without notice); see also *Reno Air Racing*, 452 F.3d at 1131 (discussing situations justifying *ex parte* temporary restraining orders). Jaax has not alleged, for example, that he cannot identify the defendant in this action or that the United States cannot be contacted in time for a hearing on his application. Similarly, he does not allege that notice to the United States would render prosecution of the action fruitless.

For the reasons stated above, among others, the court denies Jaax's *ex parte* motion for a temporary restraining order.

Further, the court directs Jaax to show cause why his complaint should not be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Section 1915(e)(2)(B) provides that a court shall dismiss a case filed *in forma pauperis* if at any time it determines that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." See *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (the requirements of 28 U.S.C. § 1915(e)(2)(B) apply to all *in forma pauperis* proceedings);see also *Lister v. Department Of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005) ("[I]n order to succeed on a motion to proceed IFP, the

movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action"). As is evident from the discussion above, Jaax has failed to show that his complaint is meritorious, or that it states a claim on which relief may be granted. Accordingly, pursuant to 28 U.S.C. § 1915(e)(2)(B), the court directs Jaax to show cause within ten (10) days why this action should not be dismissed for failure to state a claim on which relief can be granted.

### C.    Conclusion

For the reasons stated, the court denies Jaax's request for a temporary restraining order and directs him to show cause why his complaint should not be dismissed for failure to state a claim on which relief can be granted. Jaax must respond to the order to show cause within **(10) ten days**, specifically stating the cause of action he attempts to plead and providing statutory or case authority supporting it. Jaax must also cite authority demonstrating that the United States has waived sovereign immunity for the cause of action he asserts. If Jaax fails to respond to the order to show cause, or the court deems the response insufficient, the action will be dismissed forthwith.